## Lydia S. Hall *vs.* City of Lowell.

An objection to the competency of testimony, not taken at the trial, is not open on a hearing for a new trial before the whole court.

It is a question of fact for the jury, and not of law for the court, whether a town has used ordinary care in the construction of its roads, and whether the latter are reasonably safe.

Metcalf, J. This action is brought to recover damages sustained in consequence of a fall of the plaintiff, in March, 1850, on a sidewalk in the city of Lowell, which the city is bound by law to keep safe and convenient, as a highway or street, and which the plaintiff's declaration alleges to have been, at the time of her fall, and for twenty-four hours previously, defective and out of repair. A verdict has been found for her, and the defendants move for a new trial, solely on the alleged ground that the evidence (which is fully reported to us) was not sufficient to show such a defect in the sidewalk as renders them legally liable.

Exception was taken, at the argument, to the admission of the testimony of a witness, that about the same time when the plaintiff fell, he also fell at the same place. And if that testimony had been objected to at the trial, perhaps it should have been excluded. *Collins* v. *Inhabitants of Dorchester.* 6

Cush. 396. But as the objection was not then made, it is now too late to make it.

The sum of the testimony of the plaintiff's witnesses was, that for some weeks before her fall the sidewalk had been covered with ice during the early part of the daytime, and that it was sometimes so covered during the whole daytime and night; that the place in which she fell was where two conductors from the roofs of two houses came together, and by reason of their not being tight, let upon the sidewalk water that often froze there in the night, and sometimes thawed and ran off in the middle of the day; that during the winter months previously to the plaintiff's fall, that part of the sidewalk where she fell was covered with ice from two to four inches thick, from two to four weeks together; that, at the time of her fall, the ice on which she fell, was, and had been for two days at least, from two to four inches thick over the whole width of the sidewalk; and that the sidewalk was in one of the most frequented streets of the city.

The defendants' witnesses gave a less unfavorable representation of the condition of the sidewalk. And the whole testimony was submitted to the jury, upon instructions satisfactory to both parties.

The defendants now contend that the evidence did not show that they were liable to the plaintiff, because it did not show a want of ordinary care on their part, nor that the sidewalk was not reasonably safe; and they insist that ordinary care by them, and a highway reasonably safe, are all that the law requires of them. But if we admit their position as to the aw, it does not follow that they are not liable on the evidence in the case. It was for the jury to decide whether, on the evidence, the defendants had used ordinary care, and also whether the sidewalk was reasonably safe. And we cannot say that the jury have wrongly decided either of these questions, on the evidence before them.

The defendants have expressed alarm at the doctrine that a city is to be held liable for injuries which passengers sustain from accidents that happen to them on sidewalks covered with ice. The expense, it is said, of removing the ice within twenty-

four hours, would be incalculably onerous. But there is no reason for alarm on this subject. Whether cities are liable for not removing ice from sidewalks, depends on the circumstances of each case. Nothing can be required of them which a jury shall say is unreasonable; and for their omission to do what is necessary to keep their streets and sidewalks reasonably safe and convenient, they ought to be held answerable.

*Motion for a new trial refused.*

*P. W. Chandler & I. S. Morse*, for the defendants.
*J. G. Abbott*, for the plaintiff.