RUDOLPH WEHRLI

*v.*

HENRY REHWOLDT.

*Filed at Ottawa June 16, 1883.*

1. CONTRACT—*seeking recovery upon executory contract—performance or offer to perform—notice to party alleged to be in default.* The general rule is, that in suing upon an executory contract for services, the plaintiff, before he will be entitled to recover, must aver, and prove, if denied, that he has either performed the services, or that he was ready and offered to perform them.

2. But where it is expressly stipulated, or where, from the nature of the contract itself, the plaintiff is entitled to notice or a request to perform, then it is sufficient to aver, and prove, if denied, a readiness to perform.

3. Where a party stipulates to do a certain thing in a certain specific event, which may become known to him, or with which he can make himself acquainted, he is not entitled to any notice unless he stipulates for it; but where he is to do a certain thing which lies within the peculiar knowledge of the opposite party, then notice ought to be given to him.

4. Where an architect was employed to superintend the erection of a building at a specified place, and within a definite time, and the work was let out to contractors, he being present when the bids were received, and might have known when the work was to be commenced if he had tried to ascertain, but he did not offer to perform at any time, and the other party, on his failure to offer to perform in proper time, employed another architect, who superintended the work and was paid therefor, it was *held,* that the architect first employed could not recover for a breach of the contract, the facts tending strongly to show a mutual abandonment of the contract.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.

Mr. JOSEPH PFIRSHING, for the appellant:

The declaration in a case like this must aver performance by the plaintiff, or what is equivalent to it, and this allegation must be proved. Gould's Pleading, chap. 4, secs. 13, 15; 1 Chitty's Pleading, 321, side page 322. See, also, *Greenup* v. *Stoker,* 3 Gilm. 212; *Burke* v. *Shain,* 2 Bibb, 241; *Leopold* v. *Salkey,* 89 Ill. 412.

That plaintiff was not entitled to notice, see 2 Parsons on Contracts, (5th ed.) 669; *Vyse* v. *Wakefield,* 6 Mees. & Wels. 6 Exch. 442; 7 id. 126.

A party having notice of such facts as would put a prudent man on inquiry, is chargeable with notice of all facts to which inquiry would have led. 4 Kent's Com. 179; *Babcock* v. *Lisk,* 57 Ill. 327; *Chicago, Rock Island and Pacific R. R. Co.* v. *Kennedy,* 70 id. 350; *Russell* v. *Ransom,* 76 id. 168; *Bent* v. *Coleman,* 89 id. 364.

The plaintiff can not recover without performance. The doctrine of constructive performance has been repudiated by the courts in England and in this country. *Orchard* v. *Hor-*

*nor*, 3 Carr. & Payne, 349; *Smith* v. *Hayman*, 7 Ad. & Ellis, 544; *Fewing* v. *Tisdale*, 1 Exch. 295; *Cutter* v. *Powell*, 2 Smith's L. C. 48; *Goodman* v. *Pocock*, 15 Q. B. 576; *Howard* v. *Daly*, 61 N. Y. 362; *Clark* v. *Marsiglia*, 1 Denio, 317; *Whitaker* v. *Sandifer*, 1 Duval, (Ky.) 261; *Chamberlain* v. *McAllister*, 6 Dana, 352; *Durkee* v. *Mott*, 8 Barb. 423; *Moody* v. *Leverich*, 4 Daly, 401.

Messrs. TAGERT & CUTTING, for the appellee:

The citation from 2 Parsons on Contracts, 669, is an authority for the appellee. The knowledge of when the work was to commence was the "peculiar knowledge of the opposite party." A defect in the declaration can be reached by a demurrer only. *Cook* v. *Orne*, 37 Ill. 186.

The completion of the building within the stipulated time for its commencement, without notice of any kind to the employé that his services were required, was a direct breach of the contract by Wehrli, and there was not the slightest obligation upon Rehwoldt to demand of Wehrli, or tender to Wehrli, that which Wehrli had put it out of his power to give or to receive. *Risinger* v. *Cheney*, 2 Gilm. 84; 2 Parsons on Contracts, (5th ed.) 675, note n, 666, 667.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This action was brought by Henry Rehwoldt, the appellee, in the Superior Court of Cook county, against Rudolph Wehrli, the appellant, to recover damages for the breach of the following written contract:

"This agreement, made this 9th day of March, 1880, between Rudolph Wehrli and Henry Rehwoldt, witnesseth: That for and in consideration of the mutual covenants and agreements between said parties hereinafter named and specified, the parties hereto have settled and discharged all matters of difference existing between them, of every nature and kind whatsoever.

"Wehrli, in pursuance and consideration of the foregoing, agrees to pay to Rehwoldt $100 at execution of this agreement, — the receipt of which is hereby acknowledged by Rehwoldt. Wehrli further agrees to employ Rehwoldt to superintend the erection of a block of buildings, to be built on a lot in Chicago, according to plans drawn by F. Bauman, said buildings to be commenced on or before January 1, 1881, and completed as soon as can be without unnecessary delay; and Wehrli agrees to pay Rehwoldt, for his services as superintendent, $475, in installments, as work progresses, and all to be paid on or before the time when the buildings are completed. Rehwoldt, in consideration of the foregoing, agrees to superintend the erection of said buildings for the sum above named, at the time and manner above specified, and to give all necessary time, attention and ability to the superintending of the erection of said buildings, as superintending architect."

The action is special assumpsit, the declaration being in the usual form. It avers a readiness and offer to perform the contract by the plaintiff during the period specified therein, and then charges that the "defendant erected said buildings during said time, and did not allow plaintiff to superintend the construction of the same, and refused to permit plaintiff to perform his part of said contract."

It appears from the testimony of both parties, that the plaintiff never performed, or offered to perform, any service under this contract, and although frequent conversations occurred between them just before the commencement of the work, and while bids were actually being received for the work, not a word was said by either of the parties in relation to the superintendence of the work by the plaintiff. The evidence also clearly shows the work was let out to contractors, and this was well known to plaintiff, for, as just observed, according to his own testimony, he was present, perhaps as often as twice, when the defendant was receiving

bids on the work. The defendant in his testimony says: "I saw Rehwoldt during spring of 1880, while I was. opening or taking bids for the erection of that block of buildings on Vincennes avenue. Rehwoldt was present when I was opening bids. He knew I was going on with the work. Rehwoldt never offered his services to do the work. He never did any work about the buildings, and never offered to do any. I never prevented him from doing any work about the buildings. I saw him frequently during the time that I was opening bids, and getting ready to go on with the work, and saw him while the work was progressing. I employed some one else afterwards to do the work. I employed Mr. Bauman, and paid Bauman for doing the work. Mr. Rehwoldt did not, at any time, either before I commenced building or while it was going on, offer his services to superintend the erection of buildings, or to do any work about them." It also appears, from appellee's own testimony, that he was living in Chicago, and knew when the contractor commenced the erection of the block of buildings in question.

Under the instructions of the court the jury found for the plaintiff, and assessed his damages at $350. The court rendered judgment on the verdict, and the defendant excepted. On appeal to the Appellate Court this judgment was affirmed, and the defendant brings the case here for review, upon a certificate from the Appellate Court.

On the trial the defendant asked the court to instruct the jury as follows:

"The jury are instructed by the court, that if they find, from the evidence, that the plaintiff knew when and where defendant was going to erect the block of buildings mentioned in the contract in this case, and that defendant did not prevent plaintiff from superintending the erection of said buildings, and that plaintiff did not, in fact, do any work or perform any services for defendant under said contract, then the jury should find for the defendant."

—Which the court refused to do, but, on the contrary, told the jury, at the instance of the plaintiff, "that under the contract it was the duty of the defendant to notify the plaintiff when he was ready to go on with the work, and the plaintiff was under no obligation to offer his services till he was notified,"—to which several rulings of the court the defendant at the time excepted.

The only question arising upon the record, which we are permitted to consider, is, whether, under the evidence, the instructions in question properly laid down the law of the case to the jury, and we are clearly of opinion they did not. The error in instructing the jury is doubtless attributable to .a misapplication of a general principle applicable to a specific class of cases, analogous in some respects to the case in hand, but differing from it in an important particular. The undoubted general rule is, that in suing upon an executory contract for services, the plaintiff, before he will be entitled to recover, must aver, and prove, if denied, that he has either performed the services, or that he was ready and offered to perform them. (Gould's Pleading, chap. 4, secs. 13, 15; Chitty's Pleading, (14th Am. ed.) 321, *et seq.*) But where it is expressly stipulated, or where, from the nature of the contract itself, the plaintiff is entitled to notice or a request to perform, then it is sufficient to aver, and prove, if denied, a *readiness* to perform.

The law on this subject is well and aptly stated by Parsons in his work on Contracts, vol. 2, page 669. The author says: "The rule to be collected from the cases seems to be this, that where a party stipulates to do a certain thing in a certain specific event, which may become known to him, or with which he can make himself acquainted, he is not entitled to any notice unless he stipulates for it; but when it is to do a certain thing which lies within the peculiar knowledge of the opposite party, then notice ought to be given him. That is the common sense of the matter, and is laid

down in all the cases on the subject." The courts below must have assumed the case in hand fell within the specific class of cases referred to by the author in the last part of the paragraph just cited, which we think was clearly a misapprehension.

The work was to be done at a specified place, and within a definite time. It was also let out to contractors, as was doubtless contemplated by both parties at the time of making the contract, and the plaintiff had express notice that it was so let out, for, as we have already seen, he was present, talking with the defendant, when some of the bids were received. When the work passed into the hands of the contractors, it is hardly probable that either the plaintiff or the defendant knew the exact day on which they would commence operations. As to the defendant, he, so far as we can see, had no special interest in knowing, while the plaintiff's duty required him to know, and which he could easily have ascertained by inquiry, if he had seen proper to do so. When the work commenced it was his duty to be there. Instead of that, he quietly sat by, willfully closing his eyes to the fact, and waiting for the plaintiff to make a formal request that he should go to work. The law, as we understand it, did not require the defendant to do this. The plaintiff having failed to make an appearance, the defendant, some time after its commencement, employed another architect, under whose supervision the work proceeded to completion, when he was fully paid by the defendant for the services which the plaintiff himself should have performed. During all the time, from the date of the contract to the hour of the completion of the work under another architect, the plaintiff, according to his own statement, so far from offering to do the work, never so much as said a word about it to the defendant, although he had repeated conversations with him about the time the work was let to the contractors,—nor, indeed, was there anything said by the defendant on the subject.

These facts, we think, tend strongly to show a mutual abandonment of the contract by both parties.

This somewhat extensive discussion of the facts is not done with the view of questioning the finding of the jury. So far as the hearing here is concerned, with respect to controverted issues of fact raised in the courts below, either by the proofs or pleadings, it is wholly immaterial what the evidence on the trial was, for all such controverted issues of fact are conclusively settled against the appellant by the affirmance of the judgment in the Appellate Court; but our discussion of the facts was for the sole purpose of showing, as clearly as we could, the instructions given, which would have been entirely proper in a certain class of cases, were not proper under the circumstances of this case.

The judgment of the Appellate Court is reversed, and the cause remanded for further proceedings in conformity with the views here expressed.

*Judgment reversed.*