PETER SCHRINER

v.

JOHN PETERS.

*Contracts—Action for Service Fee of Stallion—Counter-claim—Contract Payable in Trade—Demand and Refusal to be Shown.*

A contract, made payable in trade, without time or place for payment, is payable on demand or within a reasonable time, and at the residence or place of business of the promisor, and before the promisee is entitled to a money judgment against the promisor for non-performance, he must show a demand on his part and a refusal on the part of the promisor.

[Opinion filed August 3, 1891.]

APPEAL from the Circuit Court of Carroll County; the Hon. JOHN D. CRABTREE, Judge, presiding.

Mr. J. M. HUNTER, for appellant.

Mr. GEORGE L. HOFFMAN, for appellee.

HARKER, J.   This suit was commenced by appellant before a justice of the peace, to recover $15 for the service of a stallion for the season of 1889.   A judgment being recovered for that sum, appellee prosecuted an appeal to the Circuit Court, where a trial resulted in a verdict, and judgment for $30 in favor of appellee on his counter-claim against appellant.   There was no denial of the horse's services for 1889, and the entire contention was over the counter-claim.

It appears from the evidence that in an exchange of lands made by the parties to the suit in May, 1888, appellant was to pay appellee a difference of $145—$100 in cash, and $45 in the service of his stallion at the rate of $15 for each mare served.   Appellant testified that the service was to be without the insurance of foal, and appellee testified that the service was to be with the insurance of foal.   No time was fixed for the service, but three mares of appellee were served by the appellant's horse in 1888, which appellant claims discharged his obligation.   Neither service resulted in foal, and appellee claims that he was entitled to other and further service of the horse until three foals should be obtained.   The only service that was fruitful was that of the mare served in 1889, the one for which appellant brought suit.   The jury evidently adopted appellee's contention that the contract was to be service with the insurance of foal, and as they rendered a verdict of $30 in his favor, considered the obligation of appellant discharged only to the extent of $15.   If such was their view of the contract, their verdict should have been limited to a finding for appellee without damages against appellant.   As the contract or undertaking of appellant was the performance of service, and not the payment of money, and no time was limited within which the service was to be performed before appellee would be entitled to a judgment, he should show that he furnished the means of performance by bringing his mare to appellant's horse within a reasonable time, and appellant refused the service.

A contract payable " in trade " without time or place for a payment, is payable on demand, or within a reasonable time, and at the residence or place of business of the promisor; and

before the promisee is entitled to a money judgment against the promisor for non-performance, he must show a demand on his part and a refusal upon the part of the other. Rice v. Churchill, 2 Denio, 45; Lobdell v. Hopkins, 5 Cowen, 516; Vance v. Bloomer, 20 Wend. 196; Woods v. Dial, 12 Ill. 72; Wehrl v. Rehwoldt, 107 Ill. 60.

Recognizing this principle of law, appellee insists that no special demand was necessary because appellant had expressly refused performance. The record will be searched in vain for evidence of such a refusal. The nearest approach to it was the bringing of suit for the service of the horse in 1889. Indeed it appears from appellee's own testimony, and that of his witness, Reuben Peter, that as late as 1889 appellant was insisting upon appellee bringing over his mare that he might perform his part of the contract. The appellee's third instruction entirely omitted the consideration of demand and refusal, and the giving of it was for that reason, error.

*Reversed and remanded.*