CALVIN F. TAYLOR

v.

JACOB GREENBURG.

*Master and Servant—Recovery of Wages.*

1. The agreement of a servant to buy from his employer a lot, to be paid for partly in work and partly in money, does not entitle the servant, although such agreement is by parol, to abandon the agreement and recover for services rendered upon a *quantum meruit*.

2. The inability of the employer to convey the lot bargained for, does not oblige the servant to take another lot, but gives the right to compensation for the labor in money.

[Opinion filed December 14, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. CHARLES E. POPE, for appellant.

Mr. JAMES M. CLEAVER, for appellee.

MR. JUSTICE GARY. The appellee worked for the appellant to the value of $99.65, for which he has received no pay. The appellant resists paying because, as he says, the appellee did the work under a parol agreement to buy from the appellant a lot to be paid for partly in work, and partly in money. If that be true, the fact that the agreement was by parol, does not entitle the appellee to abandon the agreement and recover upon a *quantum meruit*. Swanzey v. Moore, 22 Ill. 63. And the argument and illustration of Caton, J., in that case, are as applicable to the uncertainty, as to the invalidity, of the agreement.

But the appellant says that a part of the lot has been taken by the town of Cicero by condemnation. He is therefore unable to carry out his agreement. His willing-

ness to put another lot in the place of the first, does not oblige the appellee to take such other lot.

The inability to convey the lot bargained for, gives the right to compensation for the labor in money. Barstow v. McLachlan, 99 Ill. 641; Schriner v. Peters, 39 Ill. App. 309.

The judgment is affirmed.

*Judgment affirmed.*

Mr. Justice SHEPARD concurs.

MR. JUSTICE WATERMAN. I think that the judgment in this case should be affirmed, but not for the reasons given in the opinion of the majority of the court.

When a valid contract for the sale of real estate is made, the subject of the sale becomes at once equitably the property of the vendee. The property is thereafter at the risk of the vendee. If a mine is thereafter discovered upon it, thus completely changing its character and greatly increasing its value, the gain is that of the vendee. If the sale be of a lot or a farm, and thereafter, before payment and before conveyance, a right of way for a railroad is cut through the premises, the sale is not set aside; the vendee may not for such reason refuse to fulfill his contract of purchase, or the vendor to convey.

The theory of condemnation proceedings is, that property of one kind is taken, and property of equal value put in its stead. The vendee is, in such case, therefore, bound to pay the sum promised, and is entitled to receive the condemnation money.

If the contract in the present case had been a valid one, the fact that after it was made, condemnation proceedings were instituted, under which a portion of the lot was taken, would not have absolved either party from his obligations under the agreement. If the condemnation money for the portion taken had amounted to $1,000, although the agreement was to sell the entire lot for $500, the vendee would have been entitled to the entire $1,000.

The fact that because of condemnation proceedings instituted after the sale, the vendor is unable to vest title in the vendee to the lot agreed to be sold, does not justify the recovery had in this case.

The agreement being to sell a lot for $500, to be paid for "partly in money and partly in labor," is so uncertain that it is incapable of enforcement, and is therefore no contract.

If the vendor brought suit under this "talk" to recover the money, his suit could not be maintained, for it is impossible to say how much money is to be paid to him; and a bill for a specific performance would not lie, because the court would be unable to say how much money, or how much or what kind of labor was to be performed, or where it was to be done.

As is said in Warvelle on Vendors, 851, "After the execution of a contract of sale and prior to its final completion, the vendor holds the property only as a trustee until the purchase money shall have been paid, and will neither gain nor lose by any change that may occur to it."

An agreement void for uncertainty is different from one which is merely obnoxious to the statute of frauds; such last mentioned contract may be enforced if the statute of frauds is not set up as a bar to it, while an agreement void for uncertainty can never be enforced, being no contract at all.

The agreement being invalid because of its uncertainty, the rights of the parties are the same as though no such agreement had been made; and the plaintiff was entitled to recover such sum as his labor was worth. 2 Parsons on Contracts, 566.