Walter J. Horner and Ella W. Horner, Appellants, *v.* The City of Philadelphia.

*Municipalities—Discretionary power—Position of fire plug—Negligence.*

A municipality has the discretionary power to locate a fire plug on a sidewalk, and if, in the exercise of such discretion, it places a plug of ordinary diameter on a sidewalk four inches from the curb, it cannot be made liable for personal injuries to a pedestrian who stumbles over the plug.

*Municipalities—Lighting streets—Negligence.*

A municipality is under no legal obligation to light its streets, and cannot therefore be held responsible for an alleged insufficiency of light.

Argued Jan. 16, 1900. Appeal, No. 215, Jan. T., 1899, by plaintiffs, from order of C. P. No. 2, Phila. Co., Sept. T., 1897, No. 919, refusing to take off nonsuit. Before GREEN, C. J., MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Trespass for personal injuries. Before PENNYPACKER, P. J.

At the trial it appeared that Mrs. Horner, on the evening of August 27, 1897, fell over a fire plug on the sidewalk of Worrell street in the city of Philadelphia. The plug was situated about four inches from the curb, and was of ordinary diameter. The testimony for the plaintiff tended to show that the fire plug, a telegraph pole and a gas lamp were directly in line with each other, so that the telegraph pole caused a shadow to fall

upon the space where the fire plug was situated. There was evidence that several other persons had fallen over the plug.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was the order of the court.

*Lincoln L. Eyre*, for appellants.—It was incumbent upon the city to prove, if it could, not only that the fire plug was a necessary obstruction, as located at that particular place, but also that the dangerous location of the gas lamp was necessary, and that sufficient light had been provided: Carr v. Northern Liberties, 35 Pa. 324; County of Lehigh v. Hoffort, 116 Pa. 119; McDade v. City of Chester, 117 Pa. 414; North Vernon v. Voegler, 1 W. Rep. 566; Allentown v. Kramer, 73 Pa. 406; Nudd v. Lansdowne Borough, 190 Pa. 89; Keturah Ide v. Township of Lake, 191 Pa. 182; Kies v. Erie City, 169 Pa. 598; Glase v. Philadelphia, 169 Pa. 488; Fopper v. Town of Wheatland, 59 Wis. 623; Talbot v. City of Taunton, 140 Mass. 552; Grove v. City of Fort Wayne, 45 Ind. 429; Fritsch v. City of Allegheny, 91 Pa. 226; Bruch v. Phila., 181 Pa. 588; Township of Newlin v. Davis, 77 Pa. 317; Hume v. Mayor, etc., of the City of New York, 74 N. Y. 264; McGuire v. Spence, 91 N. Y. 303; City of Freeport v. Isbell, 83 Ill. 440; City of Chicago v. Powers, 42 Ill. 169.

*Joseph W. Catharine, Leonard Finletter*, assistant city solicitor, and *John L. Kinsey*, city solicitor, for appellee, were not heard.

PER CURIAM, February 5, 1900:

There was no evidence showing that the fire plug was placed in an unusual position or was of defective structure such as to induce the accident for which this action was brought. It was placed within four inches of the curb, and was of the ordinary diameter. As fire plugs are a clear public necessity, and cannot be placed in the open highway, and as they must be placed in such a position as to be easily accessible in case of fire, there is no other position for them but on the sidewalks, and it is the universal practice to locate them there. The municipality is the sole authority to determine this matter, and, of course, as we have frequently held, their discretion is not to be held sub-

ject to the verdicts of juries. The city is under no legal obligation to light its streets, and cannot be held responsible for an alleged insufficiency of light. This whole subject has been so recently considered in the exhaustive opinion of our Brother DEAN in the late case of Canavan v. Oil City, 183 Pa. 611, that no further discussion of it is required.

Judgment affirmed.