## City of Chicago v. Samuel Cohen, Administrator.

### Gen. No. 13,664.

1. EVIDENCE—*competency of coroner's verdict.* A coroner's verdict is competent as a whole if it contains statements beyond the province of such a jury. The party objecting thereto should ask instructions of the court safeguarding his rights to the extent of any portions which were outside of the province of such verdict.

2. CONTRIBUTORY NEGLIGENCE—*what does not constitute, in use of sidewalk.* It is not contributory negligence, as a matter of law, to run upon a sidewalk.

3. INSTRUCTIONS—*what error will not reverse.* An instruction in a sidewalk injury suit which is improper in containing a clause as follows: "And if such condition existed that the city of Chicago, by its officers, knew of such condition," is not ground for reversal, where the question of constructive notice is sufficiently and properly covered by other instructions given.

Action in case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook County; the Hon. ALBERT C. BARNES, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed March 9, 1908.

JOHN R. CAVERLY, for appellant; FRANK D. AYERS, of counsel.

W. D. ELMER, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellee, as administrator of the estate of Bertha Krebs, deceased, plaintiff in the trial court, sued appellant, claiming that it was guilty of negligence, which caused the death of his intestate. No question is raised by the defendant's counsel in respect to the pleadings. Bertha Krebs was, at the time of her death, which occurred two days after the accident, eight years and seven months of age. The place where the accident occurred was on the west sidewalk of Forty-third avenue, a north and south street, and about 100 feet north of Hirsch street, an east and west street, in the city of Chicago. The place of the accident was opposite a

City of Chicago v. Cohen.

vacant lot. There was a board sidewalk in front of the vacant lot, laid on stringers running north and south, and about six inches high. North and south of the board walk, the sidewalk was made of cinders and gravel. Bertha Krebs lived with her mother in the fourth house north of the wooden sidewalk.

The evidence for the plaintiff tends to prove that most of the stringers of the walk were rotten or decayed and the boards loose and in some places missing, and that the walk had been in that condition for two or more years at the place of the accident, and that May 22, 1904, about six o'clock in the afternoon, some children ran through the gate of the house on the lot next south of the plank walk onto the sidewalk, and south toward Hirsch street, and called to Bertha, who was then on the cement sidewalk about three lots north from the vacant lot. Bertha started south toward the children, walking fast, or running, or in a slow trot, as the witnesses variously testify, and about four or five feet south of the north end of the board walk, she stepped on the end of one of the loose planks in the sidewalk, which sank down, and she fell; that she rose up and walked two or three steps, and, being unable to walk farther, she again fell, when she was assisted into the house next north of the vacant lot, where she remained about ten minutes, when she was taken to her home, put in bed and a physician called, who diagnosed the case as internal hemorrhage, which in his opinion was caused by shock or some external violence. She died May 24th, the second day after the accident.

The evidence tends to prove that she was a bright, healthy child, and before the accident had never had any illness requiring the attendance of a physician, and that the accident caused her death.

The only evidence introduced by the defendant was the evidence of the coroner and three physicians. The coroner testified that Ida Netzke, witness for the plaintiff, testified at the coroner's inquest that the deceased was running when the accident happened, which was quite unnecessary, as the witness admitted, on cross-examination on the trial, that

she had so testified, and counsel for defendant said her answer in that respect was satisfactory. The testimony of the expert witnesses called by the defendant was directed to the question whether the accident could have caused internal hemorrhage.

The jury found defendant guilty and assessed plaintiff's damages at $2,000, and judgment was rendered on the verdict.

Counsel for defendant contend that the court erred in admitting in evidence the verdict of the coroner's jury. The verdict, omitting the formal part of it, is as follows:

"That the said Bertha Krebs, now lying dead at No. 755 North 43rd avenue, in said city of Chicago, county of Cook and State of Illinois, came to her death on the 24th day of May, A. D. 1904, at the house known as No. 755 North 43rd avenue, from internal hemorrhage and rupture of the liver, due to external violence caused by falling, while running on a defective sidewalk in front of the vacant lot known as No. 747 North 43rd avenue, May 22, A. D. 1904."

It is well settled in this State that the coroner's inquisition is competent evidence. United States Life Ins. Co. v. Vocke, 129 Ill., 557; Pyle v. Pyle, 158 ib., 289, 300.

Counsel objects specially to that part of the inquisition finding that Bertha Krebs died from a rupture of the liver, and that the sidewalk was defective; that this was beyond the province of the jury, and that, as there was no evidence in this case that the death was caused by rupture of the liver, the admission of the inquisition was prejudicial to the defendant. Section 14 in relation to coroners, provides: "It shall be the duty of the jurors, as sworn aforesaid, to inquire how, in what manner, and by whom or what, the said dead body came to its death, and of all other facts of and concerning the same, together with all material circumstances in anywise related to or connected with the said death, and make up and sign a verdict, and deliver the same to the coroner."

We are not prepared to hold that it was beyond the

City of Chicago v. Cohen.

province of the jury to find, if the evidence before them so warranted, that one cause of the death was rupture of the liver. It is not necessary, however, in this case, to decide that question. The inquisition being admissible, it was admissible as a whole, and if any part was outside the province of the jury or not competent evidence as against the defendant, the defendant might have guarded against it by requesting an instruction to the jury to disregard it, and having failed so to do, the objection cannot avail it here.

In Taylor v. Greenburg, 46 Ill. App., 511, relied on by defendant, the coroner's jury found, among other things, as follows: "We, the jury, believe from the evidence that said switch-stand is too close to said tracks to safely allow switchmen to perform their duties." The court held that the inquisition was admissible in evidence, but that the part of it above quoted was beyond the province of the jury, and that it was error to refuse an instruction asked by the defendant that it was not evidence as against the defendant.

In Cox v. C. & N. W. R'y Co., 92 Ill. App., 15, one part of the inquisition was: "We further find that the aforesaid company is responsible for said deaths, on account of fast running, and the view to the track being obstructed by cars and depot." The court held this finding to be beyond the province of the jury, and that an instruction by the court to disregard it was proper. It frequently happens that in cases where there are several defendants, evidence is admitted which is competent against only one of them, and in such cases the holding is that defendants against whom it is not competent may guard against its effect against them by asking an appropriate instruction.

Counsel for appellant cite authorities in support of the proposition that a girl of the age of the deceased may be guilty of contributory negligence. The proposition is unquestionably sound. Counsel contend that the deceased was guilty of such negligence in running on a defective walk, with which she was familiar. Some of the witnesses testified that she was not running at all, but walking fast, or

on a slow trot, between walking and running; but even if she was running at the time of the accident, it could not be properly held, as matter of law, that she was guilty of contributory negligence. City of Chicago v. Keefe, 114 Ill., 222, cited by defendant's counsel, does not, in the least, support their contention, but quite the contrary. The court say: "There is no limitation in the statute that the streets shall be kept in repair 'for travelers.' They are to be kept in repair as streets, and, by necessary implication, for all the purposes to which streets may be lawfully devoted. We assume as self-evident that, with us, streets are open to the use of the entire public, as highways, without regard to what may be the lawful motives and objects of those traversing them—that those using them for recreation, for pleasure, or through mere idle curiosity, so that they do not impinge upon the rights of others to use them, are equally within the protection of the law while using them, and hence equally entitled to have them in a reasonably safe condition with those who are passing along them as travelers, or in the pursuit of their daily avocations." And the court held that children may lawfully use the sidewalks for rolling hoops on them, in the absence of prohibition by ordinance, and on rehearing the court declined to recede from the views expressed in the opinion.

Whether plaintiff's intestate was guilty of contributory negligence was a question of fact to be passed on by the jury, and was properly submitted to the jury by instructions 7, 9 and 11, given at defendant's request. The jury, after hearing lengthy disquisitions of learned doctors, found that the death of plaintiff's intestate was caused by the accident. Two stubborn facts were in evidence, viz.: that the deceased, prior to the accident, was healthy and had never been afflicted with any serious sickness, and that she died the second day after the accident, no intervening cause tending to produce her death having been shown. We think the verdict warranted by the evidence.

Instructions 2, 3, 4 and 5, given at plaintiff's request, are complained of by defendant's counsel.

An instruction substantially the same as instruction 2 was approved in North Chicago St. R'd Co. v. Kaspers, 186 Ill., 246. Instruction 3 informed the jury that if they believed from the evidence that the sidewalk was not reasonably safe for travel, from causes alleged in the declaration, *"and if such condition existed that the city of Chicago, by its officers, knew of such condition,* or if you believe from the evidence that it had been so unsafe for travel for such a period of time that the city of Chicago, by the exercise of ordinary care, would have known of its unsafe condition, if such it was, for a sufficient length of time to have repaired the same, in the exercise of ordinary care, so as to make the same reasonably safe for travel, then the defendant would be guilty of negligence," etc. Counsel say that the italicized part of the instruction is erroneous in stating that if the city, by its officers, knew that the walk was unsafe, the city was guilty of negligence, even though it was not unsafe a sufficient length of time for the city, in the exercise of ordinary diligence, to repair it. We think the instruction obnoxious to the criticism of counsel, but do not think the jury could have been misled by it, especially in view of the defendant's 11th instruction, which informs the jury of the elements necessary to be found to entitle the plaintiff to recover, one of which elements is stated as follows:

"4. That the alleged defective condition of said sidewalk existed before the time of said accident, and that the city either had actual notice of such defective condition in time to have enabled it to repair the same, by the exercise of ordinary care, before the time of said accident, or that such alleged defective condition existed for so long a period prior to the time of said accident as to charge the city with constructive notice thereof—that is to say, that such condition existed for so long a period prior to the time of said accident that the city by the use of ordinary care would have discovered such condition in time to have enabled it to repair the same, by the use of ordinary care, before the time when said accident is alleged to have occurred."

The uncontradicted evidence is, that the walk was very defective and unsafe at the time of the accident, and had been in substantially the same condition for more than two years, and the jury could not reasonably have found otherwise.

We find no error in instruction 4.

Counsel construe instruction 5 as requiring of the city greater care in respect to the sidewalk, in the case of children playing on it, than is required to maintain it in a reasonably safe condition for ordinary travel. We do not so understand the instruction. It is as follows:

"You are instructed that deceased girl might lawfully be on the sidewalk of the city of Chicago for the purpose of play, and the defendant would owe the same duty to exercise ordinary care to have such sidewalk in reasonably safe state of repair in respect to such use by the deceased that it does in respect to the use of such sidewalk by persons passing over it in going to and from their places of business and abode."

Manifestly, the care required by the instruction in respect to the use of the walk by children playing on it, is the same that the city owes "in respect to the use of such sidewalk by persons passing over it." It has been frequently held that instructions must be considered as a series, as one continuous charge, and so considering the instructions in this case, they state the law substantially correctly.

We find no reversible error in the record, and the judgment will be affirmed.

*Affirmed.*