JOSEPH L. KENYON, Appellee, *vs.* THE CHICAGO CITY RAILWAY COMPANY, Appellant.

*Opinion filed June 18, 1908—Rehearing denied October 8, 1908.*

1. NEGLIGENCE—*party injured by obstruction in street is not required to prove it was placed there without permission of city.* One seeking to recover from a street railway company for an injury received from overturning of his buggy by a pile of cinders dumped by the defendant in the street near its tracks is not required to prove affirmatively that the cinders were dumped there without permission of the city, since such permission is a matter of defense.

2. SAME—*dumping cinders in a street is prima facie unlawful.* The dumping of cinders in a street is *prima facie* unlawful, and if the party dumping them relies upon express permission of the city he has the burden of proving the permit, or if he claims the obstruction is of a character such as he may lawfully place in the street without permission from the city, the circumstances showing that fact must appear in the proof.

3. SAME—*street railway company dumping cinders in street for a private contractor is liable for consequences.* A street railway company which dumps cinders in a street near its tracks for a private contractor, who is to haul them away, is responsible for the contractor's failure to remove the obstruction or to place a warning light thereon after nightfall.

4. SAME—*when question of contributory negligence is for the jury.* Whether the negligence, if any, of a battalion chief of a fire department in driving to a fire at a speed of nine or ten miles an hour with one wheel of the buggy inside of a street car track

and the other in the street, where it struck a pile of cinders which he could not see in the darkness, contributed to his injury, is a question of fact for the jury, even though the ordinances prohibit the driving of horses at a greater speed than six miles an hour.

5. INSTRUCTIONS—*when instructions are properly refused.* It is not error to refuse an instruction stating an abstract proposition of law, nor one which is misleading in its tendency in not being in accordance with the facts of the case..

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. L. C. RUTH, Judge, presiding.

This is an appeal by the Chicago City Railway Company from a judgment of the Branch Appellate Court for the First District affirming a judgment for the sum of $3000 recovered by Joseph L. Kenyon, the appellee, in the circuit court of Cook county, against the appellant, for personal injuries alleged to have been received by appellee by reason of the negligence of appellant while appellee was driving along Sixty-ninth street, in the city of Chicago. At the close of all the evidence, under the direction of the court, the jury returned a verdict of not guilty as to the city of Chicago, which had also been made a defendant to the suit.

The declaration consists of two counts. The first count, in so far as it applies to appellant, charges that defendant, prior to the time of the accident, wrongfully and negligently dumped cinders in such large quantities alongside its railway upon a public street of the city as to create a dangerous obstruction to travel in vehicles upon said highway; that it wrongfully and negligently permitted said cinders to so remain on said public highway, and that appellee, who was a battalion chief of the fire department of the city of Chicago, was riding along said street in discharge of his duty when his conveyance struck against the pile of cinders and was overturned, whereby, etc. The second count

alleges that it was the duty of appellant to exercise reasonable care towards placing or seeing that a light was placed and maintained on the said cinder pile during the night time, so as to warn persons riding along said highway of its presence, but that the defendant, disregarding its duty, wrongfully and negligently failed so to do, etc. The motion of appellant for a peremptory instruction at the close of all the evidence was denied.

The accident occurred about twenty-five minutes after seven o'clock on the evening of February 18, 1903, just west of the intersection of Loomis and Sixty-ninth streets, in the city of Chicago, while appellee, chief of a battalion of the fire department of that city, was driving west along the latter street in response to a fire alarm that had been turned in a few minutes before. Along Sixty-ninth street appellant operated a double track electric railway, and for several days prior to and on the day of the accident it had been dumping cinders from flat-cars at this point in the street. These cinders had been sold by appellant to a sidewalk contractor who was constructing a sidewalk for private parties. The cinders were being hauled from this pile by an employee of the purchaser to the place where they were being used, two blocks away, on Seventy-first street, which is a street that parallels Sixty-ninth street. The cinders were not removed as fast as they were delivered, and on the evening in question a pile remained, two feet in height and from forty to sixty feet in length. The pile was north of the north rail of appellant's tracks and two or three feet distant therefrom. Appellee was driving a single horse attached to a light wagon, and it appears from the evidence that when he approached the scene of the accident he was driving west, with his horse on the north side of the north rail of the north track and with the left wheels of his buggy just on the inside of that rail; that it was a dark night and that he was driving at a rate of nine or ten miles an hour; that the electric light that was usually

burning at the south-west corner of Loomis street was not burning at that time, and that no light of any kind had been placed on the cinders to indicate the location of the pile in the street. When the wheels of the buggy struck the east end of the cinder pile the wagon was overturned towards the south and appellee was thrown to the street and severely injured. During the nights that the pile of cinders had remained in the street prior to the night of the accident a red light had been placed on the pile by the man who was removing the cinders, and on the evening of February 18 it was placed there by him but not until after the accident occurred. Both appellee and a fireman who was riding with him testified that they did not see the cinder pile until they struck it, although they were looking directly west and keeping a sharp lookout for obstructions in the street.

It is contended by appellant (1) the circuit court erred in refusing to direct a verdict in its favor; (2) the court erred in passing on instructions.

WILLIAM J. HYNES, SAMUEL S. PAGE, and WATSON J. FERRY, for appellant.

. JAMES C. McSHANE, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

It is urged that a verdict for the defendant should have been directed because it was not affirmatively shown by the proof introduced that the cinders were dumped in the street without the permission of the city. It is true that the city may, for certain purposes, permit the placing of temporary obstructions in the street. No authority is cited which would warrant the conclusion, however, that the city had the power to permit the dumping of these cinders in this street for the purpose of delivering them at that point to the sidewalk contractor who under a contract with a pri-

vate party was building a sidewalk in a street two blocks distant, which latter street ran parallel with the street in which the cinders were placed. In any event, placing an obstruction, such as the one involved in this case, in the street is *prima facie* unlawful. If the person so placing the obstruction relies upon an express license obtained from the city, the burden is upon him to show the existence of the permit; or, if it is his contention that the obstruction is of a character such as he may lawfully place in the street without any express permission from the city authorities, then such circumstances must appear in proof. Here there was no evidence of such license or of such circumstances.

It is also contended that as by the contract between appellant and the sidewalk-builder the cinders were to be delivered at this place, after the cinders were so delivered appellant was not responsible for the continuance of the obstruction in the street, but that the duty to properly guard and remove the cinder pile rested solely upon the contractor. The appellant is not permitted to thus avoid responsibility. Having placed an unlawful obstruction in the street its liability for the consequences thereof continued, notwithstanding it may also have been the duty of the contractor to remove the obstruction. (*Woodman* v. *M. Railroad Co.* 149 Mass. 335.) Appellant placed this obstruction in this street at its peril. It was bound to answer for the consequences.

The declaration charged that the appellant failed to maintain a warning light upon the cinder pile on the night in question. After the cinders were in the street, the first and most imperative duty that rested upon appellant and the contractor was to remove them. After they were there, however, and until they could be removed, it was the duty of appellant, as well as the contractor, to guard the public against any injury from the obstruction. What has already been said in reference to the obligation to remove the obstruction disposes of appellant's insistence that the only

duty in respect to maintaining a warning light after night-
fall rested upon the contractor and not upon appellant.

It it also argued that it should be held upon this record
that appellee was guilty of contributory negligence as a
matter of law, and appellant introduced in evidence an ordi-
nance of the city of Chicago which was in force at the
time of the accident, providing that no person should drive
a horse in the city of Chicago at a greater speed than six
miles per hour. It is contended by appellee that this ordi-
nance does not apply to firemen or other members of the
fire department who are responding to a fire alarm. The
proof shows that the appellee was driving at a speed of
nine or ten miles an hour at the time of the accident. As
he drove along, both he and his companion in the wagon
kept a sharp lookout ahead for obstacles but failed to see
the cinders on account of the darkness.

It is also urged that appellee should have traveled be-
tween the rails of appellant's tracks, and that had he done
so no injury would have occurred. Outside the rails the
street was paved with cedar blocks. The latter made a bet-
ter footing for a horse driven at the rate at which appellee
was driving than the paving between the rails. There is
no evidence that appellee knew of the existence of this
cinder pile in the street. Even if it be conceded, which we
do not determine, that the ordinance referred to applied to
the appellee, the question whether, under all the circum-
stances appearing in evidence, any negligence of which he
may have been guilty in driving his horse outside the rails
at a speed of nine or ten miles an hour contributed to the
accident was one of fact for the jury. The motion for a
peremptory instruction was properly refused.

The only instruction given at the request of the ap-
pellee stated the hypotheses upon which the jury might find
the appellant guilty. Based upon the proviso that appellee
was free from contributory negligence, it stated the facts
which would warrant the jury in finding appellant guilty.

That portion of the instruction stating the circumstances which must appear in evidence to show that the acts of the appellant were wrongful was not entirely accurate, but the inaccuracy was harmless. Appellant was guilty of the negligence alleged against it upon the facts which it conceded to be true. There was no possible theory upon which the jury could have found that it had not been negligent as charged.

Defendant asked the court to instruct the jury that the plaintiff could not recover on the mere ground, alone, that the defendant deposited the cinders in the street. He did not seek to recover on that ground alone, and the instruction would have been misleading in its tendency.

Complaint is also made of the refusal of another instruction asked by the defendant. That instruction stated an abstract proposition of law, and for that reason its refusal was not error.

The judgment of the Branch Appellate Court will be affirmed.

*Judgment affirmed.*