## Dondono *v.* City of Indianapolis.

[No. 6,767.    Filed October 13, 1909.]

1. TRIAL.—*Directing Verdict.—Municipal Corporations.—Defective Street Crossing.*—A verdict should not be directed for the defendant in an action by a pedestrian against a city for injuries sustained on account of an alleged defective street crossing, unless the court can say, as a matter of law, that the city was guilty of no negligence, or that the plaintiff was guilty of contributory negligence. p. 368.

2. MUNICIPAL CORPORATIONS.—*Defective Streets.*—It is the duty of a municipal corporation to use ordinary care to keep its streets in a safe condition. p. 368.

3. MUNICIPAL CORPORATIONS.—*Negligence.—Street Crossings.—Gutters.*—The maintenance of spaces between the flagstones in a street crossing for the purpose of draining the water from the street, or the maintenance of gutters along the sidewalk, does not constitute negligence. p. 368.

4. MUNICIPAL CORPORATIONS.—*Defective Street Crossing.—Question for Jury.*—Whether a city was guilty of negligence in maintaining, in a street crossing, a stepping stone one and three-fourths inches higher than the sidewalk, and having a corner broken in such manner as made it liable to catch a traveler's foot and cause him to trip, is a question for the jury. p. 369.

5. NEGLIGENCE. — *Contributory. — Escaping Danger. — Defective Streets.*—Whether a woman who was running from a place where men were engaged in a fight, and who stepped on a defective flag-

stone in a street crossing, was guilty of contributory negligence, is a question for the jury. p. 370.

6. MUNICIPAL CORPORATIONS.—*Use of Streets.—Escaping Dangers.—* The use of a street to escape dangers is a proper and reasonable use thereof, and for injuries received from defects while the plaintiff was trying to escape, the city is liable. p. 371.

From Hendricks Circuit Court; *James L. Clark,* Judge.

Action by Margret Dondono against the City of Indianapolis. From a judgment for defendant, plaintiff appeals. *Reversed.*

*Frank M. Hay, George Young* and *Otis E. Gulley,* for appellant.

*F. E. Matson, Crate D. Bowen* and *James D. Peirce,* for appellee.

RABB, J.—This was an action by appellant to recover damages for a personal injury alleged to have been sustained through the negligence of the city of Indianapolis in failing to maintain a street crossing within its limits in a reasonably safe condition for public travel, and by reason of which the appellant, while attempting to pass over the crossing, was injured.

After the evidence in the case was in, the court, on appellee's motion, gave the jury a peremptory instruction to return a verdict in favor of appellee, and the giving of this instruction presents the only question for our decision.

The evidence disclosed that the city had constructed a flagstone crossing for pedestrians over Concordia street at its intersection with Harrison street, in said city; that there was a concrete sidewalk along the north side of Harrison street, which extended out to the curbstone on Concordia street; that there was a gutter along Concordia street, and a space five inches wide and four inches deep intervening between the curbstone and the end of the flagstone crossing, for the passage of water in the gutter; that the sidewalk was built with a very slight fall to the south; that the surface of the curbstone was one-half inch lower than the sur-

face of the sidewalk, and the surface of the stone crossing opposite the curbstone was one and three-fourths inches higher than the surface of the curbstone; that under one corner of one of the crossing stones, opposite the walk, and next to the gutter, a piece of stone had been broken out, forming a cavity about one-half inch from the surface of the stone, and extending back under the stone in a diagonal direction, three or four inches; that while appellant was passing along the north sidewalk on Harrison street, approaching this crossing, she became frightened at two men fighting in the street near by, and in running to escape them struck her toe in this cavity, under the corner of the crossing stone, and was thereby caused to fall, and was injured; that the appellant had no knowledge of the condition of the crossing, nor of the defect complained of, prior to her injury.

Unless the court can say from these facts, and all reasonable inferences that can be drawn therefrom most favorable to the appellant, either that the condition of the street 1. at the place where the appellant met with the accident, and which was its cause, was not the result of negligence on the part of the city, or that the appellant was herself guilty of negligence proximately contributing to her injury, the peremptory instruction given by the court was erroneous.

It is an act of negligence on the part of a city to fail to exercise reasonable care to keep its streets in a reasonably safe condition for ordinary public travel, and whether 2. the existence of a particular defect in a public street constitutes negligence on the part of the city is a question for the jury, unless the court can say that the defect causing the injury was of such a character that injury to one using the street for ordinary travel could not reasonably have been anticipated from its existence. Here the space between the crossing stones and the curbstone, designed 3. for the passage of water, was not a defect. Gutters along public streets are essential for their

proper drainage. It may well be claimed that it was not reasonable to anticipate injury to one using the street for ordinary travel, and exercising ordinary care in such use, from the existence of the gutter, or that one would meet with an accident from the failure of the city to place a cover over it; or, in fact, that the crossing stone on one side of the gutter was one and one-half inches or one and three-fourth inches higher than the curb and pavement on the opposite side. But when to this is added the fact that the corner of the crossing stone was broken off in such manner as to form a ledge one-half inch from the surface of the stone, under which the foot of a traveler might be caught and such traveler be thereby tripped and caused to fall, we think the court cannot say, as a matter of law, that some reasonable minds would not conclude that danger to those who used the street for ordinary travel, and exercising ordinary care, did not lie in such condition. We are referred by appellee to the cases of *City of Indianapolis* v. *Cook* (1884), 99 Ind. 10, and *McQueen* v. *City of Elkhart* (1896), 14 Ind. App. 671, to support the instructions given by the court. In the first case cited, the injured party, with full knowledge of the location of a water-box in the sidewalk, occupying a space six by seven and one-half inches, and extending one and one-fourth inches above the surface, in passing over the sidewalk after dark, stumbled over the same, and fell. It was held that the party injured could not recover, because she was guilty of contributory negligence; that, having knowledge of the defect in the street, she should have avoided it.

In the second case cited, the question arose upon exceptions to conclusions of law stated by the court upon special findings, and it was held that the special findings failed to disclose that the party injured was not herself guilty of contributory negligence.

We are also cited by appellee to the case of *Horner* v. *City of Philadelphia* (1900), 194 Pa. St. 542, 45 Atl. 330, in sup-

port of its contention. It was there held, as a matter of law, that the city was not guilty of negligence in placing a fire-plug on the sidewalk, four inches from the curbstone, against which a person stumbled, in the darkness, it appearing that the city had the right to place fire-plugs in the sidewalk, and that it was not obliged to light its streets. We think none of these authorities are controlling.

The cases of *City of Indianapolis* v. *Cook, supra,* and *McQueen* v. *City of Elkhart, supra,* were based upon the proposition that it did not appear that the party injured was free from contributory negligence, and the cases were decided at a time when the law in this State required the plaintiff, in waging an action for negligence, to allege and prove himself free from contributory negligence. The case of *Horner* v. *City of Philadelphia, supra,* was based upon the legal right of the city to place the fire-plug where it was.

In this case the question of contributory negligence, like the question of the city's negligence, was strictly a question for the jury, unless the court can say that the appellant did something or omitted to do something which, in the exercise of ordinary care, she should have done or omitted to do, and which proximately contributed to her injury. The court cannot say, because she was running in fright from the men engaged in combat, that she was guilty of contributory negligence. *Hall* v. *City of Lowell* (1852), 64 Mass. 260; *City of Olathe* v. *Mizee* (1892), 48 Kan. 435, 29 Pac. 754, 30 Am. St. 308; *Shoner* v. *Pennsylvania Co.* (1892), 130 Ind. 170; *Mann* v. *Belt R., etc., Co.* (1891), 128 Ind. 138, 141; *Board, etc.,* v. *Bonebrake* (1896), 146 Ind. 311; *Oleson* v. *Lake Shore, etc., R. Co.* (1896), 143 Ind. 405, 32 L. R. A. 149; *McIntyre* v. *Orner* (1906), 166 Ind. 57; *Town of Albion* v. *Hetrick* (1883), 90 Ind. 545, 46 Am. Rep. 230; *Buehner Chair Co.* v. *Feulner* (1905), 164 Ind. 368; *Indianapolis St. R. Co.* v. *O'Donnell* (1905), 35 Ind. App. 312, and cases cited; *McDowell* v. *Village of Preston* (1908), 104 Minn. 263, 116 N. W. 470, 18 L. R. A. (N. S.) 190.

A more serious question in the case, as it appears to us, is whether it can be said that at the time appellant was injured she was making such use of the sidewalk as could be designated "ordinary use," and such as the city authorities were bound to anticipate, in that she was running in fright from a real or supposed danger, and, as might necessarily be inferred, was more or less oblivious to her footing.

6.

In some cases a city has been held free from liability for injuries occurring to a runaway horse that has escaped from its driver, without fault on his part, and has been injured by coming in contact, in its flight, with some obstruction or defect in the street; but it has uniformly been held that a city is liable to one who was rightfully upon the street, and who was injured by coming in contact with some defect therein, while attempting to escape danger by flight. *City of Chicago* v. *Cohen* (1908), 139 Ill. App. 244; *Kenyon* v. *Chicago City R. Co.* (1908), 235 Ill. 406, 85 N. E. 660; *Keith* v. *Worcester, etc., St. R. Co.* (1907), 198 Mass. 478, 82 N. E. 680, 14 L. R. A. (N. S.) 648; *Merchants Ice, etc., Co.* v. *Bargholt* (1908), 33 Ky. Law 488, 110 S. W. 364; *City of Valparaiso* v. *Schwerdt* (1907), 40 Ind. App. 608, and cases cited.

Judgment reversed, with instructions to grant a new trial.