# Thompson, Appellant, *v.* Springfield Water Company.

*Water companies—Negligence—Inadequate supply—Liability for fires—Township.*

As a township is under no legal duty to provide a supply of water for the extinction of fires, a water company which has agreed with the township to maintain hydrants and an adequate supply of water for fire purposes, is not liable to a resident of the township for a loss from fire, although the contract with the township was for a valuable consideration, and the company is negligent in not providing an adequate supply of water.

Argued March 19, 1906. Appeal, No. 130, Jan. T., 1905, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1904, No. 572, on demurrer for defendant in case of Henry C. Thompson, Jr., v. Springfield Water Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ. Affirmed.

Trespass to recover damages for loss by fire. Before DAVIS, J.
Demurrer to statement.

*Error assigned* was in entering judgment for defendant on demurrer to statement.

*John C. Bell*, for appellant.—Whenever an individual or a corporation for a consideration received from the sovereign power has become bound by a covenant or agreement to perform some public duty, such individual or corporation is liable in a civil action to any person who suffers special damage by reason of the negligent performance of such duty : Henley v. Mayor & Burgesses of Lyme-Regis, 5 Bingham, 91; 3 B. & Ad. 77; 1 Bing. N. C. 222; Cumberland Valley R. R. Co. v. Hughes, 11 Pa. 141; Passmore v. Western Union Tel. Co., 78 Pa. 238; Robinson v. Chamberlain, 34 N. Y. 389; Brooklyn v. Brooklyn City R. R. Co., 47 N. Y. 475 ; Lampert v. Laclede Gas Light Co., 14 Mo. App. 376 ; Penn. & Ohio Canal Co. v. Graham, 63 Pa. 290; Winterbottom v. Wright, 10 M. & W. 109; Fath v. Railway Co., 105 Mo. 537 (16 S. W. Repr. 913); Fulton Fire Ins. Co. v. Baldwin, 37 N. Y. 648; Marshall v. Ry. Co., 21 C. B. 655; Foulkes v. Ry. Co., L. R. 5 C. P. D. 157; P. & R. R. R. Co. v. Derby, 55 U. S. 468; Gorrell v. Water Supply Co., 124 N. C. 328 (32 S. E. Repr. 720); Howsmon v. Trenton Water Co., 119 Mo. 304 (24 S. W. Repr. 784); Little v. Banks, 85 N. Y. 258; Fire Ins. Patrol v. Boyd, 120 Pa. 624; Weet v. Village of Brockport, 16 N. Y. 161; Maxmilian v. Mayor, etc., of New York, 62 N. Y. 160.

*Joseph T. Bunting*, of *Hannis, Williams & Bunting*, for appellee.—There are three cases in Pennsylvania directly in point, denying the plaintiff's right to recover, all of them actions of trespass on the case, one of them against a municipality, and two of them against a water company, for negligence in furnishing an insufficient supply of water for extinguishing a fire: Grant v. City of Erie, 69 Pa. 420 ; Stone v. Uniontown Water Co., 16 Pa. C. C. Rep. 328; Beck v. Kittanning Water Co., 11 Atl. Repr. 300, 8 Sadler, 237.

No liability of municipality to property owner for fire loss is shown by the following cases : Vanhorn v. Des Moines, 63 Iowa, 447 (19 N. W. Repr. 293); Wheeler v. Cincinnati, 19 Ohio St. 19; Heller v. Sedalia, 53 Mo. 159; Brinkmeyer v. Evansville, 29 Ind. 187 ; Patch v. Covington, 17 B. Mon. 722 ; Tainter v. Worcester, 123 Mass. 311; Springfield Fire & Marine Ins. Co. v. Keeseville, 148 N. Y. 46 (42 N. E. Repr. 405); Black v. Columbia, 19 S. C. 412; Mendel v. Wheeling, 28

W. Va. 233; Wright v. Augusta, 78 Ga. 241; Miller v. Minneapolis, 75 Minn. 131 (77 N. W. Repr. 788); Sandusky v. Central City, 22 Ky. L. Repr. 669 (58 S. W. Repr. 516); Planters' Oil Mill v. Monroe Water-works, etc., Co., 52 La. Ann. 1243 (27 So. Repr. 684); Allen v. Shreveport Water-works Co., 113 La. 1091 (37 So. Repr. 980); Butterworth v. City of Henrietta, 25 Tex. Civ. App. 467 (61 S. W. Repr. 975); Lenzen v. New Braunfels, 13 Tex. Civ. App. 335 (35 S. W. Repr. 341); Mott v. Cherry-vale Water & Mfg. Co., 48 Kan. 12 (28 Pac. Repr. 989); Albany v. Cunliff, 2 N. Y. 165; Clark v. Des Moines, 19 Iowa, 199; McPherson v. Foster, 43 Iowa, 48.

No liability of water company to property owner for fire loss by reason of contract between the water company and a municipality is shown by these cases: Stone v. Uniontown Water Co., 16 Pa. C. C. Rep. 328; Beck v. Kittanning Water Co., 8 Sadler, 237; Wainwright v. Queens County Water Co., 78 Hun, 146 (28 N. Y. Supp. 987); Mott v. Water Co., 15 L. R. A. 375; Howsmon v. Trenton Water Co., 119 Mo. 304 (24 S. W. Repr. 784); Marvin Safe Co. v. Ward, 46 N. J. L. 19; Davis v. Clinton Water Works, 54 Iowa, 59 (6 N. W. Repr. 126); Nickerson v. Bridgeport Hydraulic Co., 46 Conn. 24; Fowler v. Athens City Water Works Co., 83 Ga. 219 (9 S. E. Repr. 673); Becker v. Water Works, 79 Iowa, 419 (44 N. W. Repr. 694); Eaton v. Water Works Co., 37 Neb. 546 (56 N. W. Repr. 201); Foster v. Lookout Water Co., 3 Lea (Tenn.), 42; House v. Houston Water Works Co., 88 Tex. 233 (31 S. W. Repr. 179); Britton v. Green Bay & Fort H. Water Works Co., 81 Wis. 48 (51 N. W. Repr. 84); Boston Safe Dep., etc., Co. v. Salem Water Co., 94 Fed. Repr. 238; Fitch v. Seymour Water Co., 139 Ind. 214 (37 N. E. Repr. 982); Bush v. Artesian Hot & Cold Water Co., 43 Pac. Repr. 69; Wilkinson v. Light, Heat & Water Co., 78 Miss. 389 (28 So. Repr. 877); Nichol v. Water Co., 53 W. Va. 348 (44 S. E. Repr. 290); Smith v. Great South Bay Water Co., 81 N. Y. Supp. 812; Springfield Fire & Marine Ins. Co. v. Graves County Water & Light Co., 85 S. W. Repr. 205; Blunk v. Dennision Water Supply Co., 71 Ohio, 250 (73 N. E. Repr. 210); Metropolitan Trust Co. v. Water Co., 132 Fed. Repr. 702; Allen & Currey Mfg. Co. v. Shreveport Water-works Co., 113 La.

1091 (37 So. Repr. 980); Town of Ukiah City v. Ukiah Water, etc., Co., 142 Cal. 173 (75 Pac. Repr. 773).

Against the above long line of cases throughout the United States and England, holding that a water company is not liable to a consumer for a fire loss, by reason of its contract with the municipality, there are, in addition to a Louisiana case, now overruled, as above stated, nine cases decided in Kentucky and North Carolina, holding a different doctrine, viz: Paducah Lumber Co. v. Paducah Water Supply Co., 89 Ky. 340 (12 S. W. Repr. 554); Duncan v. Owensboro Water Co., 12 Ky. Law Repr. 35 (12 S. W. Repr. 557); Gorrell v. Greensboro Water Supply Co., 124 N. C. 328 (32 S. E. Repr. 720); Fisher v. Greensboro Water Supply Co., 128 N. C. 375 (38 S. E. Repr. 912); Jones v. Durham Water Co., 135 N. C. 553 (47 S. E. Repr. 615); Duncan's Executor v. Owensboro Water Co., 12 Ky. Law Rep. 824 (15 S. W. Repr. 523); Owensboro Water Co. v. Duncan's Administratrix, 17 Ky. Law Repr. 755 (32 S. W. Repr. 478); Graves County Water Co. v. Ligon, 112 Ky. 775 (66 S. W. Repr. 725); Lexington Hydraulic & Mfg. Co. v. Oots, 27 Ky. Law Repr. 233 (84 S. W. Repr. 774); rehearing denied, 27 Ky. Law Repr. 797; (86 S. W. Repr. 684).

OPINION BY MR. JUSTICE STEWART, May 14, 1906:

This case can be decided in the light of our own adjudications. They will be found to be entirely adequate and satisfactory. Discussion of the many authorities of other jurisdictions which the diligence and research of counsel have brought to our notice is, therefore, unnecessary. The question for determination is the defendant's liability for the destruction of the plaintiff's property by fire, assuming that the proximate cause of its destruction was the insufficiency of the only available hydrants in point of location and, further, that the insufficiency was due to defendant's negligence. The defendant, as its name indicates, is a company engaged in the business of furnishing water to consumers for private gain and emolument. It entered into a contract with the commissioners of Lower Merion township, for a valuable consideration, whereby it agreed to furnish and place in position on the line of its mains, as then laid out, fifty-four double nozzle fire hydrants,

and furnish water to the same for the purpose of extinguishing fires that might occur on the premises and property of private owners and taxpayers of the township, keeping at all times during the continuance of the agreement the hydrants so distributed in serviceable condition and supplied with water. It is conceded that no contractual relation between plaintiff and defendant resulted over this agreement, and hence plaintiff could have no right of action on the contract. He rests his case wholly upon the negligence of the defendant in the performance of a public duty which it had voluntarily assumed. Did any legal public duty in this behalf rest upon the defendant? The determination of the case depends upon the answer to this question. What the water company undertook and agreed to do was in the nature of a public function; that is to say, it was something that the municipality, if it chose, could have done at public expense in the exercise of rightful authority. Presumably from considerations of economy and convenience, instead of establishing a municipal water plant with the necessary equipment for the desired purpose, the municipality by its proper authorities engaged the defendant company, owning an established water plant, to do for the public all that was deemed necessary in this regard. It thereby made the defendant its agent to discharge for it this particular function, and since the act of the agent in the proper exercise of authority is the act of the principal, a correlative must be, that in doing the act no higher or other duty—we are now speaking of legal public duty—can rest on the agent than would have rested on the principal in the performance of the same service. The case on this point, therefore, may be considered as though the municipality, and not the agent, were directly involved. Would the municipality have been liable, under the circumstances here, had it undertaken to do on its own account what defendant undertook to do on its behalf as its agent? The answer is within easy reach. We quote from the opinion of LOWRIE, C. J., in Carr v. The Northern Liberties, 35 Pa. 324: " Where any person has a right to demand the exercise of a public function and there is an officer, or city officers, authorized to exercise that function there, the right and the authority give rise to the duty; but when the right depends upon the ground of authority, and that authority is

essentially discretionary, no legal duty is imposed." It is not necessary here to state the facts of that case, or give the connection in which the extract occurs, since the quotation reappears in a later case so closely resembling the one at bar in its facts as to be scarcely distinguishable from it, and is there referred to as authoritatively ruling the principles there involved. We refer to the case of Grant v. City of Erie, 69 Pa. 420, in which the opinion was delivered by SHARSWOOD, J., the authority of which remains unchallenged to this time. Pursuant to an act of assembly authorizing the city of Erie to make and establish a number of reservoirs " to supply water in case of fire," the city established a system of reservoirs, but allowed one of them to fall into decay, so that it became useless for the purpose needed. The plaintiff there alleged that in consequence a valuable block of buildings belonging to him, and which had taken fire, had been utterly destroyed. He brought his action against the city for negligence in the maintenance of the reservoir. On the trial a verdict was directed for defendant on the ground that the alleged cause of loss was too remote, with a strong intimation from the court that aside from this no liability attached to the city, because no duty rested upon the municipality to maintain a supply of water in the reservoir. It was on the latter ground that the judgment was sustained by this court. The opinion in the case furnishes us with an apt illustration of just what is meant, in the extract from the opinion of Chief Justice LOWRIE in the earlier case, in distinguishing between something enjoined by law upon a municipality giving rise to a legal public duty and a discretionary authority on which no such duty can be predicated. " If it were made the duty of a municipality to station a police officer at a particular corner, to protect the foot passengers from being run over by passing vehicles, it may be doubted whether it would be an answer to an action to say that the cause of the injury was the horse and wagon, and not the absence of the officer. But if the municipality were vested with the authority to employ and keep on foot a sufficient police, no one can surely pretend that a foot passenger run over by a wagon could sue the corporation for damages, even though he be able to show that they had formerly kept an officer at that place for that purpose, and had withdrawn him, or that he had

been guilty of negligence in the performance of his duties." It is not contended, and of course cannot be, that the township of Lower Merion was under any legal duty to provide a supply of water for fires that might occur. Whether it did so or not was a matter of municipal discretion. The fact that it was actually attempted, either by itself or by another at its instance and procurement, in no wise affects the case. If not required in the first instance to accomplish it, no obligation rested upon it to continue the supply after it had once been accomplished. The cases referred to are so directly in point and so entirely conclusive of the question involved, that it is unnecessary to look beyond them. Whatever the law with respect to liability in cases of this kind may be in other jurisdictions, these cases leave us in no doubt that the judgment of the court below in the present case is in full accord with what it is in Pennsylvania.

Judgment affirmed.