## Hay v. Connellsville Water Co. City, etc., for use of Hay, v. Connellsville Water Company.

*Water companies—Deficiency of water supply—Loss by fire—Suit by taxpayer—Contract with borough.*

1. A resident and taxpayer of a third class city has no such privity in a contract between the city and a water company, under which water is furnished to the city, as will enable him to sustain an action of trespass against the water company for a loss by fire, upon the ground of the failure of the water company to supply sufficient water to extinguish the fire.

2. Nor can an action of *assumpsit*, brought in the name of the city for the use of the same party as a taxpayer, be sustained against the water company under the same state of facts.

3. It seems that the injured party has no remedy against either the water company or the city for the damages he may sustain by reason of a fire, unless by statutory provision.

Statutory demurrers. C. P. Fayette Co., June T., 1921, Nos. 567, 568.

*E. C. Higbee* and *John Duggan, Jr.*, for plaintiff.

*Brownfield, Goodstein & McDaniel*, for defendant.

VAN SWEARINGEN, P. J., Nov. 27, 1923.—The two cases argued together here may be disposed of in one opinion. There is but one cause of action; but two suits were instituted at the same time, though by different counsel of record, probably because plaintiff was not certain which of his actions, if either, could be sustained. Each case is against the Connellsville Water Company. The plaintiff, Harmon Hay, was a resident and taxpayer of the City of Connellsville, which is a city of the third class, and at the time of the matters complained of he was the owner of a lot of ground on Tenth Street, in that city, on which was erected a two-story frame dwelling-house, which, on March 24, 1920, caught fire and was burned, and each of these actions is to recover damages for plaintiff's loss. The affidavit of defence is substantially the same in each case, and without answering the averments of fact in the statement of claim, it raises questions of law under section 20 of the Practice Act of May 14, 1915, P. L. 483, which have been set down for hearing, and which are, in substance, that the statement of claim filed does not set forth a legal cause of action.

1. In the first case the summons is in trespass, and is brought by the plaintiff individually against the defendant. It is alleged in plaintiff's statement in this case that upon discovering the fire an alarm was given, and that the fire department of the city responded promptly and attached the fire-hose to the fire-plugs maintained by the defendant in the vicinity of plaintiff's property, but that the fire company was unable to obtain water in sufficient quantities to subdue the fire, and that, as a result of the failure of the water supply, the property of plaintiff was totally destroyed. A further allegation in plaintiff's statement is that the destruction of plaintiff's property was caused by the negligence, carelessness and recklessness of the defendant company in failing to provide suitable and proper inspection of the fire-plugs and to maintain an adequate water supply to protect plaintiff's property.

It is not alleged in plaintiff's statement that the plaintiff had any contract with the defendant for the supply of water for the extinguishment of fires, or that any legal public duty in that behalf rested upon the defendant, but simply that the city, "at the time of the matters hereinafter complained of and set forth, assumed the duty of furnishing water for public or municipal purposes, and also for private consumers residing therein, which said duty, prior hereto, had been delegated to the said Connellsville Water Company, defend-

ant corporation, as aforesaid, and that the said defendant corporation assumed the duty of providing an adequate water supply and maintaining water-lines, fire-plugs and equipment in proper condition for the purpose of furnishing water for fire protection and other purposes."

What we have recited and quoted covers in brief everything contained in plaintiff's statement, and the decisions in this jurisdiction control the controversy against the plaintiff.

In a very similar case, Thompson v. Springfield Water Co., 215 Pa. 275, in speaking of plaintiff there, Mr. Justice Stewart said: "He rests his case wholly upon the negligence of the defendant in the performance of a public duty which it had voluntarily assumed. Did any legal public duty in this behalf rest upon the defendant? The determination of the case depends upon the answer to that question. What the water company undertook and agreed to do was in the nature of a public function; that is to say, it was something that the municipality, if it chose, could have done at public expense in the exercise of rightful authority. Presumably from considerations of economy and convenience, instead of establishing a municipal water plant with the necessary equipment for the desired purpose, the municipality, by its proper authorities, engaged the defendant company, owning an established water plant, to do for the public all that was deemed necessary in this regard. It thereby made the defendant its agent to discharge for it this particular function, and since the act of the agent in the proper exercise of authority is the act of the principal, a correlative must be, that in doing the act, no higher or other duty—we are now speaking of legal public duty—can rest on the agent than would have rested on the principal in the performance of the same service. The case on this point, therefore, may be considered as though the municipality, and not the agent, were directly involved. Would the municipality have been liable, under the circumstances here, had it undertaken to do on its own account what defendant undertook to do on its behalf as its agent?" And in deciding that question in the negative, the court, quoting from Mr. Chief Justice Lowrie in Carr v. The Northern Liberties, 35 Pa. 324, said: "Where any person has a right to demand the exercise of a public function, and there is an officer or set of officers authorized to exercise that function, then the right and the authority give rise to the duty, but when the right depends upon the grant of authority, and that authority is essentially discretionary, no legal duty is imposed." Referring further to another similar case, Grant v. City of Erie, 69 Pa. 420, where the same kind of a ruling was made, it was said by Mr. Justice Stewart that it was because no duty rested upon the municipality to maintain a supply of water in the reservoir that the judgment of the lower court in favor of the defendant was sustained by the Supreme Court.

Our own Mr. Justice Mestrezat, when on the Common Pleas bench of Fayette County, after a careful consideration of the matter, following a non-suit at the trial, in Stone v. Uniontown Water Co., 4 Dist. R. 431, decided the question in the same manner, the syllabus of the case, changing the word "borough" to the word "city," reading as follows: "An inhabitant of a city has no privity in a contract between the city and a water company, under which water is furnished to a city, as will enable him to sustain an action against the water company for a loss by fire, upon the ground that the failure of the company to supply water prevented the extinguishment of the fire." Near the close of the opinion, after citing authorities from our own and other jurisdictions, most of the outside cases being in harmony with our own, the court said: "But the authorities do not stop with holding that in such cases there is no liability on the part of the water company to respond in damages for

injuries thus sustained by a citizen. It seems to be universally held that the city itself is not liable for failure to protect the taxpayer's property from fire, unless made so by statutory provision (citing cases). The result of these decisions, therefore, is that the injured party has no remedy against either the water company or the borough for the damages he may sustain by reason of a fire, unless by statutory provision. It will thus be observed that the great weight of authority is against the position of the plaintiff in this case. We are, therefore, constrained to hold that this action cannot be maintained, and that the non-suit was properly granted." To the same effect, and under substantially the same syllabus, is Beck v. Kittanning Water Co., 8 Sadler, 237.

From all of which we reach the conclusion that the plaintiff in the first case here is not entitled to recover from the defendant in any form of action.

2. Nor is the plaintiff entitled to recover in the second case. There is no legal line of distinction between the two suits. The summons in the second case is in *assumpsit*, and the plaintiff is "The City of Connellsville, for use of Harmon Hay, a Taxpayer." In addition to most of the substantive matters contained in plaintiff's statement in the first case, the statement in the second case contains an allegation that, "prior to the matters hereinafter set forth, the said City of Connellsville, under and by virtue of the laws of said Commonwealth, assumed the duty of furnishing to the said Harmon Hay and other taxpayers and residents of said city an adequate water supply for private and domestic purposes, and also to furnish to the said Harmon Hay and other taxpayers sufficient water for fire protection and other purposes, and to maintain the water-lines and fire-plugs in a good condition of repair, by inspection or otherwise, for the purposes aforesaid."

It is alleged in plaintiff's statement in the second case that, prior to the matters now complained of, the City of Connellsville delegated to the defendant water company the duty of furnishing water for public and private purposes, which water company covenanted and agreed with the city to install certain fire-hydrants and to furnish sufficient water pressure on each of them for adequate fire protection, and thereby assumed the duty which had been delegated to it by the city for certain valuable considerations. It is also alleged that, at the time of and for a considerable period of time prior to the matters therein set forth, the said Harmon Hay was a resident and taxpayer of the City of Connellsville, was assessed and was paying taxes into the treasury of the city, a part of which taxes went to the payment for the fire protection mentioned and specifically set forth in the delegation agreement, a copy of which is attached to and made a part of plaintiff's statement in this case. In lieu of the specific acts of negligence set forth in plaintiff's statement in the first case, it is alleged here that the defendant company, on March 24, 1920, in violation of its covenants and stipulations contained in the delegation contract, wholly failed and neglected to provide an adequate supply of water pressure, and that, as a result thereof, the dwelling-house of Harmon Hay was wholly and totally destroyed.

In the contract mentioned it is set forth that the municipality granted to the water company the privilege of laying water-pipes beneath the surface or highways of the municipality and of repairing the water-pipes from time to time as the same might become necessary, in consideration of the granting of which privileges the water company bound itself to the city to perform its covenants and agreements under penalty of forfeiture of its rights under the contract.

But there is nothing in all this, in our opinion, that puts the second case on a safer plane for Hay than the first. The second is brought to recover

Hay v. Connellsville Water Company.  City, etc., for use of Hay, v. Same.

something to be turned over to Hay, not for damages resulting to the city. Under the authorities already cited, in so far as Hay is concerned, what difference can it make what the city assumed to do, or what duties it delegated for performance to the water company, or what the water company assumed to do under its agreement with the city?  What difference can it make, under the authorities cited, if Hay did live in the city and pay taxes into the city treasury, part of which went to pay for furnishing a water supply?  This action is not based on any contract between Hay and the defendant.  Hay could not sue in his own right and recover from either the city or the defendant.  He never attempted to recover from the city.  The city does not owe him anything.  All that is alleged in this case, in addition to the first one, is that the city assumed the duty of furnishing Harmon Hay sufficient water for fire protection, that this duty was delegated by the city to, and was assumed by, the water company, which covenanted and agreed with the city to perform the assumed duties, which it did not do.  It is not even alleged that there is any statutory requirement on the subject.  All that the law grants the municipality is a permission.  It does not stipulate a requirement.  On the facts and the law of the case here, the controversy must be decided in favor of the defendant.

And now, Nov. 27, 1923, for the reasons set forth in the opinion herewith filed, it is ordered that judgment be entered for the defendant.  We shall file a similar order in City of Connellsville, for use of Harmon Hay, a Taxpayer, v. Connellsville Water Co., No. 568, June Term, 1921, to that made here.

From Luke H. Frasher, Uniontown, Pa.

NOTE.—Syllabus by the court.