## O'Rourke, Appellant, v. Washington City.

Argued March 24, 1931.   Before FRAZER, C. J., WALL-
ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*H. Russell Stahlman*, for appellant, cited: Rhodes v.
Terheyden, 272 Pa. 397; Clamper v. Phila., 279 Pa. 385;
Lane v. Mullen, 285 Pa. 161.

*Meyer Goldfarb,* for appellee, cited: McGrath v. R. R., 71 Pa. Superior Ct. 1; Davis v. Edmondson, 261 Pa. 199; Serfas v. R. R., 270 Pa. 306; Filer v. Filer, 301 Pa. 461.

OPINION BY MR. CHIEF JUSTICE FRAZER, May 11, 1931:

Plaintiff's statement of claim sets forth that on the evening of January 29, 1928, he was driving his automobile, the headlights of which were lighted, along Tyler Avenue in defendant city. He proceeded to a point where Tyler Avenue is crossed at right angles by Summerlea Avenue, both of which are paved thoroughfares; crossing the latter avenue and continuing on Tyler Avenue for a distance of approximately 150 feet beyond Summerlea Avenue, his automobile came violently against a natural embankment of earth approximately six to eight feet in height completely blocking and terminating the roadway of Tyler Avenue and extending from curbline to curbline. For the injuries sustained to his person and his automobile, plaintiff instituted this action against defendant city, alleging the accident was the result of carelessness and negligence on the part of defendant through its failure to maintain proper guardrails, barriers, illumination or other precautionary means to warn travelers on Tyler Avenue of the embankment. Defendant demurred, alleging plaintiff's bill showed no breach of duty or actionable negligence on the part of the city. The court sustained the demurrer and entered judgment for defendant. Plaintiff appealed.

The question on this appeal is: Do the facts averred show as matter of law that plaintiff is not entitled to recover: Rhodes v. Terheyden, 272 Pa. 398, 401-2.

Generally speaking, there is no legal duty on the part of a municipality to light its thoroughfares or streets, and it cannot be held responsible for a mere insufficiency of light: Horner v. Phila., 194 Pa. 542, 544. The failure to exhibit a red light or other signal at a point where

an accident *might* happen because of mere unfamiliarity with the neighborhood on the part of drivers of automobiles, is not sufficient to charge a municipality with negligence in an action similar to the present: Brink v. City of Scranton, 85 Pa. Superior Ct. 342, 345, 346. Where there is an obstruction or dangerous condition in the roadway, such as a rope stretched across the highway in such a way as to be out of range of the direct rays of automobile headlights, the city authorities may be held accountable because of the inadequacy of the warning: Clamper v. Phila., 279 Pa. 385, 388, and Lane v. Mullen, 285 Pa. 161. Compare Cora v. Kingston Boro., 300 Pa. 159. Plaintiff contends the embankment in question was beyond the range of his headlights owing to the physical contour of the street and rests his case upon the argument that conditions where the accident happened were dangerous to such extent that automobile headlights, legally focused and adjusted, would not show the earth barrier in time to permit the driver to stop his car, and consequently the city was negligent in not providing proper warning signs.

At the oral argument before the lower court it was admitted by plaintiff's attorney, in connection with the facts averred in the statement of claim, that Tyler Avenue was constructed on an ascending grade and that the grade from the intersection of the two streets to the embankment was somewhat greater. Counsel for defendant maintained that the grade, from the intersection to the embankment, although steeper, was only slightly so. We agree with the contention of appellee that if the court below considered the differences of grade, not averred in the statement of claim, but argued orally by counsel, and originally introduced by plaintiff's attorney, it should have considered only the actual figures as to the grades and distances. In this connection it now appears the correct distance from the intersection of Tyler and Summerlea Avenues to the embankment is 150 feet, and further that the ac-

tual grade of Tyler Avenue to Summerlea Avenue is 7.07% and between Summerlea Avenue and the embankment 11.8%. In other words, the grade from Summerlea Avenue to the embankment rose approximately 4.7 feet to the hundred. The ascending grade of Tyler Avenue at the crossing or intersection is substantially the same as its grade to that point. None of these actual figures as to grade and distance which were brought out in the oral argument were disputed. The Motor Vehicle Act of May 11, 1927, P. L. 886, provides in section 804 that "the headlamps of motor vehicles shall be so constructed, arranged, adjusted, and attached that, except as provided in this act, they will, at all times mentioned in this act and under normal atmospherical conditions and on a level road produce a driving light sufficient to render clearly discernible all vehicles, persons or substantial objects one hundred sixty......feet ahead." The expression "on a level road" must be taken to mean on a road with a uniform grade, for this provision of the section applies irrespective of whether a given automobile is traveling on a straight level stretch of road which is horizontal or on an up grade or on a down grade. Appellant argues that inasmuch as there was a difference in the percentage of up grade to Summerlea Avenue, and from there to the embankment, the ascent involved was not "a level road" but of such different character that the lights of plaintiff's car as it approached Summerlea Avenue struck the foot of the grade from there to the embankment and accordingly were not capable of lighting the wall of earth before the car had completely passed over Summerlea Avenue. In the first place, the change of grade is so slight that, as a purely mathematical and geometrical consideration, plaintiff's contention can have no merit; and, in the second place, since the distance from Summerlea Avenue to the embankment was 150 feet, all of which stretch of road rose at a constant and unchanging grade, and plaintiff's lights shone 160 feet ahead, as required by the Act of 1927, they must have rendered the embankment

discernible. Undoubtedly this wall of earth from six to eight feet high and extending from curbline to curbline was a "substantial object" within the meaning of the Act of 1927. In the absence of averment that the natural embankment of earth was invisible, because of its color, or some other permanent condition rendered it not readily apparent, the assertion in the concurring opinion that "there being a natural barrier of earth, there was no duty on the part of the municipality to erect an additional barrier, nor to light the barrier there existing," is a correct statement of the law applicable to this case. Upon the facts disclosed in the record, plaintiff did not show actionable negligence on the part of the city.

From what has already been said it is apparent plaintiff was guilty of contributory negligence. The statement of claim averred that the impact with the wall of earth was violent. If plaintiff had been driving at legal speed and his lights were adequate there was sufficient distance for him to have brought his car to a stop before reaching the earth wall at the end of the street; this he could have done within 113 feet. As averred in the statement of claim, this is a "populous community"; it was but eight o'clock in the evening and the automobile, a large sedan, was traveling up grade, across a paved street intersection within the corporate limits of a city. As recently said by this court in Serfas v. L. & N. E. R. R. Co., 270 Pa. 306, 308, "It is the duty of [one] traveling by night to have such a headlight as will enable him to see in advance the face of the highway and to discover grade crossings, or other obstacles in his path, in time for his own safety, and to keep such control of his car as will enable him to stop and avoid obstructions that fall within his vision." From the facts presented, it is apparent that plaintiff was driving with such speed and without due caution that he failed to avoid danger from which ordinary prudence would have saved him.

The judgment is affirmed.