Wecksler et al. *v.* Philadelphia, Appellant.

Argued April 1, 1955. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ. (HIRT, J., absent).

*Levy Anderson,* Deputy City Solicitor, with him *Raymond Kitty,* Assistant City Solicitor, *Jerome J. Shestack,* First Deputy City Solicitor and *Abraham L. Freedman,* City Solicitor, for appellant.

*M. Stuart Goldin,* with him *Abe J. Goldin* and *Goldin & Goldin,* for appellees.

OPINION BY WOODSIDE, J., July 21, 1955:

This is an action in trespass for personal injury brought by Ida and Jack Wecksler, husband and wife, against the City of Philadelphia, the Texas Corporation, the owner, and Allan Newman, the tenant operator of an automobile service station.

The case was tried before a jury in the Court of Common Pleas. At the conclusion of the testimony, the

learned trial judge sustained the request of defendant Texas Corporation for binding instructions, but refused the city's request. The jury returned a verdict against the city and Newman in favor of the husband in the sum of $2481.99, and in favor of the wife in the sum of one shilling.

Defendant Newman filed a motion for judgment n.o.v., and for a new trial; the defendant city filed a motion for judgment n.o.v., and the plaintiffs filed a motion for a new trial limited to the question of damages. The court below dismissed the motion of both defendants; it dismissed the motion of the plaintiffs for a new trial limited to damages, and it granted a new trial without limitation on the ground that the award of damages was inadequate. The city has taken this appeal from the refusal of the court below to grant its motion for judgment n.o.v. There was no appeal taken by defendant Newman.

Reviewing the evidence in the light most favorable to the plaintiffs' cause, as we are required to do because the jury found in their favor, the facts are as follows:

Plaintiffs on the evening of March 10, 1951, at approximately 8 o'clock, were walking northward on a sidewalk on the east side of Thirty-Second Street, Philadelphia, between Susquehanna Avenue and Ridge Avenue. At the Ridge Avenue end of the block is the service station owned and operated by the above defendants. Across the pavement is a driveway leading into the service station. Two trucks were standing on this driveway partly blocking the pavement, but allowing sufficient room to walk on the sidewalk between them and the street. These trucks were between the street light, which was about 80 or 90 feet away, and the edge of the driveway which the plaintiffs were approaching. The driveway is the same level as the sidewalk except along the curb where it slants to street

level. The wife plaintiff while walking along the sidewalk near the curb stepped into the lower level which formed the driveway, fell and was seriously injured. She had not seen the difference in level of the sidewalk and had not known of it, never having walked by there before.

There was evidence that the practice of parking vehicles on the sidewalk at the location involved had persisted for several years. There was no evidence how long before the accident the particular vehicles were on the sidewalk, nor was there any evidence that the city had actual notice that these vehicles were on the pavement.

There was no proof of any physical defect in the sidewalk. The plaintiffs base their claim against the city upon "the practice of allowing vehicles to be parked on the sidewalk." They contend that the wrongfully parked vehicles "created the semi-dark condition" by virtue of which the wife plaintiff failed to see the change of level in the sidewalk into which she stepped causing her fall and injuries.

The plaintiffs state their position against the city as follows: "The city in permitting vehicles to be parked on the sidewalk over a long period of time, caused sidewalk lighting to be impaired which created a condition of hazard for sidewalk travel and a nuisance on the highway. Thus the sidewalk was 'out of repair' . . . and the city may not defend on the ground that its failure was an exercise of governmental function."

Municipalities have been held liable for injuries arising from physical defects caused by improper maintenance of streets and sidewalks for many years. As early as 1843, the Supreme Court held a township liable for an injury caused by the poor condition of a

highway. See *Dean v. New Milford Township,* 5 W. & S., 545.

Municipalities have been held liable not only for injuries suffered from a defect in the paving of a street or sidewalk, but also under certain circumstances for injuries received from the accumulation of ice on the pavement. *Reedy v. Pittsburgh,* 363 Pa. 365, 69 A. 2d 93 (1949), and from the failure to remove the carcass of a horse from a street. *Fritsch v. City of Allegheny,* 91 Pa. 226 (1879).

Despite the duty imposed upon municipalities for the maintenance of streets and sidewalks, certain other principles were early enunciated which limit municipal liability in other situations.

In *Carr v. The Northern Liberties,* 35 Pa. 324, 330 (1860) it was decided that an action would not lie against a municipal corporation for negligence in constructing a sewer system, because, unlike the duty which was imposed upon the township supervisors in the Dean case, supra, to construct and maintain highways, the mere grant of authority to the municipality to construct sewers did not impose a duty to do it, and without the duty there is no liability. The court there made the following often quoted statement: "Where any person has a right to demand the exercise of a public function, and there is an officer or set of officers authorized to exercise that function, there the right and the authority give rise to the duty; but when the right depends upon the grant of authority, and that authority is essentially discretionary, no legal duty is imposed."

See *Munn v. Mayor of Pittsburgh,* 40 Pa. 364 (1861), also involving negligence in maintaining a sewer, and *Grant v. City of Erie,* 69 Pa. 420 (1871), involving failure of the City of Erie to maintain a

reservoir built by the city under permissive statutory authority for the purpose of protection against fire.

The law is now well settled that "a municipal corporation is not liable to an action for damages for the non-exercise of discretionary powers of a public character," *Lehigh County v. Hoffort,* 116 Pa. 119, 128, 9 A. 177 (1887), nor for failure to enforce an ordinance pursuant to permissive authority. *Doughty v. P. R. T. Co.,* 321 Pa. 136, 139, 184 A. 93 (1936).

In the Doughty case claim was made against the city for permitting a street car to travel the wrong way on a one way street. The court there said, at page 138, ". . . while the city is responsible for proper care of its highways, there is a distinction between maintenance and the regulation of the use of streets. Regulation of this nature is a governmental function and cases dealing with physical defects are not applicable."

In one of the more recent cases, *Brogan v. Philadelphia,* 346 Pa. 208, 29 A. 2d 671 (1943), the plaintiff was struck in the eye with mortar when a boy threw a stone into a mortar box which the city had permitted to remain on one of its streets in front of a building project. In holding that the city was not liable, the court said, on page 212, "It is settled in this state that in supervising, regulating and controlling the actions of persons upon its streets, the city acts in a governmental capacity and is not liable for the failure of its officers to protect residents and travelers from injuries caused by dangerous or negligent conduct of other persons permitted to occupy its highways."

Now to apply the general principles to the case at issue. The plaintiffs contend that the city is liable because it failed to stop the practice of parking on the sidewalk, or in other words, failed to enforce its ordinance against parking.

An ordinance of March 25, 1946, section 36 provides inter alia that "no operator shall park or stop any vehicle, street car or railway train upon any sidewalk." This ordinance was enacted under authority of section 3 of the Act of April 16, 1838, P. L. 626, 53 PS §7129 which provides in part: "It shall and may be lawful for . . . the City of Philadelphia . . . to regulate, . . . sidewalks . . ." and section 1103 of the Motor Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §663, which provides in part, as follows: "(a) . . . local authorities shall have power to provide by ordinance for the regulation of traffic . . . and may regulate or prohibit parking, stopping or loading of vehicles . . ."

The ordinance, as appears from the language of the statutes, was passed under a discretionary and not a mandatory power. Applying the general principles hereinbefore enumerated, a municipality is not liable for failure to enforce an ordinance enacted pursuant to permissive authority.

There is another reason why the plaintiffs cannot recover from the city. The alleged liability of the city is based upon the lack of light. The only way the trucks were related to plaintiff's fall, according to her brief, was that they caused a shadow to fall upon the edge of the driveway. As a result, she contends, that there was not sufficient light for her to see the different level into which she stepped.

There is no legal duty on the part of a municipality to light its thoroughfares or streets, and it cannot be held responsible for a mere insufficiency of light. O'Rourke v. Washington City, 304 Pa. 78, 155 A. 100 (1931), Rodgers v. Shaler Twp., 164 Pa. Superior Ct. 558, 561, 67 A. 2d 806 (1949).

In Homer v. Philadelphia, 194 Pa. 542, 544 (1900), the plaintiff fell over a fire plug which she did not see because between it and the light was a telegraph pole

which caused a shadow to fall upon the place where the fire plug was situated. The court said, "The city is under no legal obligation to light its streets, and cannot be held liable for an alleged insufficiency of light."

Thus, since the city cannot be held liable for insufficiency of light, nor for failure to enforce its ordinance against unlawful parking, judgment n.o.v. should be entered in its favor.

"Generally, where there are several defendants, if the record shows that the interests of justice require a new trial as to all of them, an order to that effect will not be disturbed on appeal. If, however, it appears that, as matter of law, there is no liability on the part of a defendant, a new trial as to such defendant should not be granted. Such non-liability appearing, the defendant should not be subjected to the expense and inconvenience of again demonstrating that in law he was not liable." *Brogan v. Philadelphia,* supra, page 210.

The order refusing judgment n.o.v. on behalf of the city and granting a new trial against it is reversed and judgment is here entered n.o.v. in favor of the City of Philadelphia. The case between the plaintiffs and defendant Newman is not before us and not affected by this order.