Howard JAMISON, Administrator of the Estate of Christine Nerone, Deceased, Appellant,

v.

CITY OF PITTSBURGH, a Municipal Corporation

v.

Edward MAUND, Third-Party Defendant.

No. 15712.

United States Court of Appeals Third Circuit.

Argued April 21, 1966.

Decided May 9, 1966.

Court of Pennsylvania that it is prepared to make such an extension of established doctrine. Such a course may be desirable. But it is not now sufficiently foreshadowed in Pennsylvania decisions to justify a federal court applying Pennsylvania law in a diversity case in holding that Pennsylvania law subjects municipalities to liability for injury caused by their improper maintenance of traffic signals.

The judgment will be affirmed.

Dennis C. Harrington, Pittsburgh, Pa., (Richard H. Galloway, McArdle, Harrington, Feeney & McLaughlin, Pittsburgh, Pa., on the brief), for appellant.

Thomas S. White, Asst. City Sol., Pittsburgh, Pa., (David Stahl, City Sol., Cyril A. Fox, Jr., Asst. City Sol., Pittsburgh, Pa., on the brief), for appellee.

Before KALODNER, HASTIE and SMITH, Circuit Judges.

PER CURIAM:

This is a wrongful death action in which it is alleged that the fatal accident was caused by negligence of the City of Pittsburgh in failing properly to maintain certain traffic lights. Summary judgment was entered for the defendant on the ground that a municipal government is immune from suit on such a claim as this.

The courts of Pennsylvania have held that municipalities are immune from liability for a variety of torts in the performance of their governmental functions. However, Pennsylvania municipalities are held not to be immune from liability for harm caused by physical defects or obstructions which they have negligently permitted to exist in streets and highways. The plaintiff here is seeking an extension or analogical application of that doctrine to cover the maintenance of existing traffic signals.

However, we find no persuasive indication in the opinions of the Supreme