## Renrag Corp. v. Dauphin Consolidated Water Supply Co.

*H. Joseph Hepford,* by *Lee C. Swartz,* for plaintiff.
*Francis J. O'Gorman, Jr.* of *Metzer, Hafer, Keefer, Thomas & Wood,* for defendant.

SHELLY, J., June 2, 1969.—This matter is before us on the preliminary objections of defendant to plaintiff's complaint in trespass. Plaintiff alleges in its complaint that it was the owner of a building located in Susquehanna Township, which was damaged by fire on or about August 23, 1962. Plaintiff alleges that the firemen were unable to extinguish the fire because of

lack of water and water pressure from surrounding fire hydrants used by defendant in supplying water to various parts of Susquehanna Township. Plaintiff contends that because defendant negligently failed to maintain a water system which was adequate to provide water for fire fighting purposes, it suffered damages for which it seeks to recover from defendant.

Defendant's preliminary objections are in the nature of (1) a demurrer; (2) a challenge to the jurisdiction of this court; and (3) a motion for a more specific complaint.

Defendant avers that plaintiff's complaint does not set forth a cause of action upon which relief can be granted for the reason that defendant is not, as a matter of law, liable to plaintiff for fire loss resulting from the alleged negligence of defendant. Defendant also avers that because it is subject to the supervision and control of the Pennsylvania Public Utility Commission (hereinafter referred to as the commission), this action be stayed pending a determination by the commission of the sufficiency of service furnished by defendant and the interpretation and application by said commission of the rules and regulations governing conditions under which defendant was to render service. Defendant also avers that the complaint lacks specificity as required by Rule 1019 of the Pennsylvania Rules of Civil Procedure.

The preliminary objections raise three questions for our determination:

(1) Does plaintiff's complaint set forth a legal claim?

(2) Does the Court of Common Pleas of Dauphin County have jurisdiction to determine a claim for damages against a private water company for negligent failure to maintain an adequate water system and its negligent failure to provide water for fire fighting purposes?

(3) Is plaintiff's complaint sufficiently specific to inform defendant of the facts which it must be prepared to meet at the trial?

In support of its allegation that plaintiff's complaint does not set forth a legal cause of action it relies on two Pennsylvania Supreme Court cases: Grant v. The City of Erie reported in 69 Pa. 420 (1871) and Thompson v. Springfield Water Company reported in 215 Pa. 275 (1906).

The Thompson case held that as a township is under no legal duty to provide a supply of water for the extinction of fires, a water company which has agreed with the township to maintain hydrants and an adequate supply of water for fire purposes, is not liable to a resident of the township for a loss from fire, although the contract with the township was for a valuable consideration, and the company was negligent in not providing an adequate supply of water. The Thompson case relied on The City of Erie case in which the Supreme Court of Pennsylvania sustained a directed verdict for defendant on the ground that no duty was owed by the municipality to its inhabitants to maintain a supply of water in reservoirs which had been constructed "to supply water in case of fire."

The Erie and Thompson cases hold that failure to supply water for the fire purposes is not in itself actionable. However, the rule enunciated in the Erie and Thompson cases has been modified in Doyle v. South Pittsburgh Water Company, 414 Pa. 199 (1964) and Malter v. South Pittsburgh Water Company 414 Pa. 231 (1964), to the extent that a negligent failure to maintain its equipment in a proper and adequate repair so that sufficient pressure and amount of water is available for fire purposes is now actionable. In the Doyle case the court said on page 206:

"The plaintiffs are not relying on the defendant's breach of duty to supply water but on its breach of a duty to use reasonable care in the operation and maintenance of a water system which the defendant had in fact set up in the vicinity of plantiffs' property."

Hence, we must conclude that plaintiff has a right of action against defendant.

Defendant argues that the commission has initial jurisdiction over plaintiff's claim because the commission has the power to determine questions as to the adequacy of the defendant's services and the validity and reasonableness of the rules and regulations governing the conditions under which the defendant renders service.

The Superior Court of Pennsylvania, in interpreting the powers and duties of the commission as set forth in section 10 of the Act of March 31, 1937, P. L. 160, 66 PS §461, said in Citizens Water Company v. Pennsylvania Public Utility Commission, 181 Pa. Superior Ct. 301, 307 (1956) that "The commission is charged with the duty of protecting the rights of the public . . ." In Reading & Southwestern Street Railway Co. v. Pennsylvania Public Utility Commission, 168 Pa. Superior Ct. 61 (1950), the court said on page 64: "The Public Utility Commission has no jurisdiction to adjudicate purely private rights and its duty is to determine the public interest." We must therefore conclude that the commission has no jurisdiction to consider and determine questions of negligence on the part of a public utility. See also Killbourne v. Denver and Ephrata T. & T. Co., 26 D. & C. 2d 441 (1961). Accordingly, we conclude that this court, and not the commission, has jurisdiction in the instant case.

The Doyle case, supra, recognized a cause of action for negligence in failing to use reasonable care in the operation and maintenance of a water system. However, the holding of the Doyle case must be viewed with

regard to those acts of negligence which were specifically averred in the Doyle complaint so as to amount to that new cause of action. The negligent acts complained of in Doyle, at page 202, were that "the defendant allowed the water in the crucial hydrants to freeze so that they became useless for fire-fighting emergencies; that it failed to inspect the hydrants, failed to maintain sufficient pressure in the hydrants, failed to replace inoperative valves and, inter alia, failed to notify the plaintiffs or the Pittsburgh Fire Department that the hydrants were inoperative." Plaintiffs in Doyle also specifically charged in their complaint "that had the defendant supplied water, their home would not have gone up in flames."

Pennsylvania Rules of Civil Procedure 1019(a) provides that the material facts on which a cause of action is based shall be stated in a concise and summary form so as to afford defendant an opportunity to prepare a defense. In determining whether plaintiff in the instant case has met this pleading requirement, we must look to the instant complaint in the light of the holding and the complaint in Doyle. Under Doyle, plaintiffs did allege with specificity the acts of negligence complained of. While in the instant case the alleged negligence need not be identical with the negligence averred in Doyle, the specifically pleaded acts of negligence in Doyle which are applicable in the instant case should have been averred with specificity, and this was not done.

Considering what we have said, we conclude that the preliminary objections in the nature of a demurrer and as to the jurisdiction of this court must be overruled and the preliminary objection in the nature of a motion for a more specific complaint must be sustained. Accordingly, we make the following:

ORDER

And now, June 2, 1969, the preliminary objections of defendants in the nature of a demurrer and as to

the jurisdiction of this court are overruled and the preliminary objection in the nature of a motion for a more specific complaint is sustained. Plaintiff is allowed 20 days from the date of this order to file an amended complaint in accordance with this opinion.